UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD BISHOP, #12008596,

                    Plaintiff,

         -against-

SHERIFF SPOSATO, GANG UNIT, MAIL ROOM
STAFF, GRIEVANCE OFFICERS,

                    Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
13-CV-2764(SJF)(ARL)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 09 2013   ★

**LONG ISLAND OFFICE**

I.    Introduction

On May 7, 2013, incarcerated *pro se* plaintiff Ronald Bishop ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed *in forma pauperis*. Upon review of plaintiff's declarations in support of his application to proceed *in forma pauperis*, the Court finds that his financial position qualifies him to commence this action without prepayment of the filing fee. Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is dismissed without prejudice and with leave to file an amended complaint within thirty (30) days of this Order.

II.    The Complaint

Plaintiff's brief, handwritten complaint, submitted on the Court's Section 1983 complaint form, alleges in its entirety that:

> In October of 2012 I became aware that my mail from my wife, family and loved ones were being sent to another inmate. I filed grievances, I wrote staff members and nobody took my complaints serious. The inmate who was receiving my mail wrote me and

> explained that he was getting my mail and I in turn forwarded his
> letter to the grievance office and the mail room staff and they still
> didn't correct the problem. Then I discovered that I am labeled a
> gang member after 5 ½ months of being here and I have never been
> a gang member or affiliate of a gang. I have been coming in and
> out of NCCC for over 12 years and I never was labeled a gang
> member. There wasn't any investigation. I wrote gang unit, I filed
> a grievance and in retaliation to my complaint staff in NCCC
> started harassing my wife when she comes to visit me and
> disconnecting my phone calls in the middle of a conversation.

Compl. at ¶ IV. As a result, plaintiff claims to have suffered "mental and emotional trauma by labeling me a gang member and NOT being one put my life in jeopardy." Compl. at ¶ IV.A. For relief, plaintiff seeks to recover, *inter alia*, $10 million ($10,000,000). Compl. at ¶¶ IV.A., V.

III. Discussion

    A. In Forma Pauperis

Having reviewed plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed *in forma pauperis* is granted.

    B. The Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); Abbas v. Dixon, 480 F.3d 636,

639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010), aff'd, ___U.S.___, 133 S. Ct. 1659 (Apr. 17, 2013) (citing Ashcroft v. Iqbal, 556 U.S.662, 678-79, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 667-68, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

C.  Section 1983

3

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999); see also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct. 158, 178 L. Ed.2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Here, it appears that plaintiff seeks to allege that the defendants have unlawfully interfered with his incoming mail and have retaliated against him for complaining about such interference in violation of the First Amendment. "'A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment.'" Bellezza v. Holland, No. 09 Civ. 8434, 2011 WL 2848141, *6 (S.D.N.Y. July 12, 2011) (quoting Davis v. Goord, 320 F.3d 346, 351-52 (2d Cir. 2003). In addition, "'a claim for relief may be stated under Section 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights.'" Smith v. Levine, No. 11-1445, 2013 WL 362905, *3 (2d Cir. Jan. 31, 2013) (quoting Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987) (citing Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (*per curiam*)). Therefore, plaintiff's Section 1983

4

claim may be plausible if properly alleged against a viable defendant.

D. Claims Against the "Gang Unit"

Plaintiff has named the "Gang Unit" of the Nassau County Correctional Center as a defendant in this case. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Lukes v. Nassau County Jail, 12-CV-1139(SJF)(AKT), 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County."); Melendez v. Nassau County, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued). Accordingly, plaintiff's claim against the Gang Unit of the Nassau County Correctional Center is dismissed in its entirety with prejudice. However, given plaintiff's *pro se* status, the Court will construe his claim as against Nassau County.

E. Claims Against Nassau County

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a *respondeat superior* theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. County of Erie, 654 F.3d 324, 333 (2d

Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed.2d 528 (2012), (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed.2d 417 (2011)); see also Monell, 436 U.S. at 690–91, 98 S. Ct. 2018, 56 L. Ed.2d 611. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–691 (citations omitted). To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, see Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Village of Cornwall–On–Hudson Police Department, 577 F.3d 415, 439 (2d Cir. 2009) (holding that a municipal custom may be found when "faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions." (quotations and citations omitted), i.e., "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights . .

. amount[ing] to deliberate indifference to the rights of persons with whom the untrained employees come into contact," Connick, 131 S. Ct. at 1359 (quotations, alterations and citations omitted), or a policymaking official's failure to investigate or rectify a potentially serious problem of unconstitutional conduct of which he or she had notice, evidencing deliberate indifference, "rather than mere negligence or bureaucratic inaction," Amnesty America, 361 F.3d at 128.

Even liberally construing the complaint, plaintiff's allegations are insufficient to state a Section 1983 cause of action against Nassau County. See, e.g., White v. St. Joseph's Hospital, 369 Fed. Appx. 225, 226 (2d Cir. Mar.10, 2010) (affirming *sua sponte* dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."); see generally City of Waterbury, 542 F.3d at 37–41. Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County or Nassau County Jail; (2) actions taken or decisions made by County or Nassau County Jail policymaking officials which caused the alleged violations of his civil rights; (3) a County or Nassau County Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Nassau County Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's claim, as construed to be against Nassau County, is dismissed without prejudice.

### F. Claim Against Sheriff Sposato, the "Mail Room Staff" and "Grievance Officers"

In order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority,'. . . ." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010).

Plaintiff has not alleged any conduct attributable to Sheriff Sposato and seeks to impose liability on him only because of the supervisory position he holds. Similarly, plaintiff seeks to sue unspecified "mail room staff" and "grievance officers." The allegations in the complaint are insufficient to identify the individuals involved in the conduct of which plaintiff complains. Accordingly, **plaintiff's claims against Sheriff Sposato, the mail room staff and grievance officers at the Nassau Jail are dismissed without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Any amended complaint must include factual allegations of conduct or inaction attributable to the individual defendants. Plaintiff's failure to file an amended complaint will lead to the dismissal of his claims against Sheriff Sposato, the mail room staff and the grievance officers at the Nassau Jail with prejudice and judgment shall enter without further notice.**

Plaintiff is advised that an amended complaint completely replaces the original complaint. To the best of his ability, plaintiff must include factual allegations against a proper defendant sufficient to infer that he suffered a constitutional deprivation. If plaintiff is unable to

identify the individual defendants within the time allotted, he may name them as "John/Jane Doe" in any amended complaint so long as he includes some factual allegations concerning their conduct or inaction including the date(s)/location(s) of the alleged incident(s), a description of his interaction(s) and/or other descriptive information such that their identities may later be ascertained by Nassau County and they can be served with the amended complaint. The amended complaint shall be clearly labeled "amended complaint" and bear the same docket number as this case, 13-CV-2764(SJF)(ARL).

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is GRANTED. However, the complaint is *sua sponte* dismissed with prejudice as against the Nassau Jail's Gang Unit for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Plaintiff's claims against Sheriff Sposato, the Mail Room Staff and the Grievance Officers are dismissed without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order as set forth above.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.                          s/ Sandra J. Feuerstein
                                     _____
                                     Sandra J. Feuerstein
                                     United States District Judge

Dated:     July 9, 2013
           Central Islip, New York